COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MIKE A. SHARP

                                        MEMORANDUM OPINION*
v.    Record No. 2842-98-2                  PER CURIAM
                                          MAY 18, 1999
AGGLITE OF VIRGINIA AND
 ROYAL INSURANCE COMPANY OF AMERICA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Christopher C. Booberg; Geoffrey R. McDonald
            and Associates, on brief), for appellant.

            (William C. Walker; Donna White Kearney;
            Taylor & Walker, P.C., on brief), for
            appellees.


        Mike A. Sharp contends that the Workers' Compensation

Commission erred in holding that he failed to prove that he was

totally disabled from December 2, 1997 through February 7, 1998,

and partially disabled beginning February 8, 1998, as a result of

his compensable December 17, 1996 injury by accident.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless

---

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In reversing the deputy commissioner and holding that Sharp failed to sustain his burden of proof, the commission found as follows:

> The report issued by Dr. [Gary L.] Baker in January 1998 recording severe restrictions is entitled to little weight, because it was not prepared in conjunction with a contemporaneous medical examination. Dr. Baker had not seen [Sharp] since September or early October 1997, according to the medical records filed with the Commission, as well as the plain and uncontradicted testimony of [Sharp]. Therefore, Dr. Baker had no reasonable basis on that later date to revise his earlier report, especially one so inconsistent with prior findings that [Sharp] could be released from medical care. This opinion revised by Dr. Baker in January 1998 is not explained or clarified or justified, and we accord it no probative weight. Similarly, Dr. Baker's later report of a permanent residual condition is not credible evidence that the claimant is unable to perform his pre-injury work, absent a contemporaneous medical evaluation or functional analysis to show such alleged residual incapacity.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). An unexplained conflict existed between

Dr. Baker's pre-1998 opinion that Sharp could perform his pre-injury work without restrictions as of October 6, 1997, and Dr. Baker's January and February 1998 opinions to the contrary. Moreover, unlike the October 1997 opinion, Dr. Baker's later opinions were unsupported by contemporaneous medical examinations.

Based upon these unexplained inconsistencies, the commission, in its role as fact finder, could properly deny probative weight to Dr. Baker's January and February 1998 reports. Absent those reports, we cannot hold, as a matter of law, that Sharp's evidence sustained his burden of proof.

Accordingly, we affirm the commission's decision.

Affirmed.